# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00430-CV

**Kevin Bierwirth, Appellant**

**v.**

**Federal National Mortgage Association a/k/a Fannie Mae, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY**
**NO. 12-0132-CC4, HONORABLE JOHN McMASTER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Kevin Bierwirth, acting pro se, seeks to appeal the judgment on a bench trial granting possession of certain residential real property to Federal National Mortgage Association (Fannie Mae) in a forcible detainer suit. However, Bierwirth was not named in the judgment and was not a party to the suit below.

Generally, only parties to a suit have standing to appeal a judgment. *See City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 754-55 (Tex. 2003) ("Under Texas jurisprudence, an appeal can generally only be brought by a named party to the suit."). Standing is implicit in the concept of subject matter jurisdiction, which is essential to the authority of a court to decide a case. *Texas Ass'n of Bus. v. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Bierwirth signed and filed a notice of appeal and a motion for hearing to fix the amount of security to supersede the judgment, identifying as appellant "Christopher J. Krabill and all occupants of

104 Bedrock Drive Liberty Hill, Texas, Kevin Bierwirth/as assignee."  We lack subject matter jurisdiction over this appeal because Bierwirth was not a party to the forcible detainer suit below. Time for filing a proper notice of appeal from this judgment has run.  *See* Tex. R. App. P. 25.1, 26.1.

As such, we dismiss this appeal for want of jurisdiction.

_____

Jeff Rose, Justice

Before Justices Puryear, Pemberton, and Rose

Dismissed for Want of Jurisdiction

Filed:   February 27, 2014

2